**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4590**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

AAKASH PRAKASH MAKWANA,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, Chief District Judge.  (5:24-cr-00190-1)

_____

Submitted:  June 25, 2026        Decided:  June 29, 2026

_____

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Shaina L. Richardson, Morgantown, West Virginia, Christopher G. Robinson, STEPTOE & JOHNSON PLLC, Charleston, West Virginia, for Appellant. Jonathan Storage, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aakash Prakash Makwana pled guilty, pursuant to a written plea agreement, to aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and was sentenced to two years' imprisonment. On appeal, Makwana's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Makwana's guilty plea is valid. Although this Court notified Makwana of his right to file a pro se supplemental brief, he has not done so. The Government has moved to dismiss the appeal as barred by Makwana's waiver of the right to appeal included in the plea agreement. Makwana takes no position on the motion. We dismiss in part and affirm in part.

Initially, Makwana's appeal waiver does not prevent him from raising a colorable challenge to the validity of his guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (analyzing validity of Fed. R. Crim. P. 11 hearing despite waiver). Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Makwana did not move to withdraw his plea or otherwise object during the plea hearing, we review the validity of his plea for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Our review of the record confirms that Makwana

2

consented to proceed before a magistrate judge, who conducted a thorough Rule 11 colloquy. We thus conclude that Makwana's guilty plea is valid, as it was knowing, voluntary, and supported by an adequate factual basis.

Next, "we review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (citation modified). "An appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224 (citation modified). To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review of the record confirms that Makwana knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions not applicable here.

In accordance with *Anders*, we have reviewed the entire record in this case, and we have found no meritorious grounds for appeal outside the waiver's scope. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm.

This court requires that counsel inform Makwana, in writing, of the right to petition the Supreme Court of the United States for further review. If Makwana requests that a

3

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Makwana. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*